IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

NATASHA LYNNE RAYMOND,
            Plaintiff,

v.                                                                    Case No. 20-1073-JTM

ANDREW SAUL,
Commissioner of Social Security
            Defendant.

MEMORANDUM AND ORDER

Natasha Raymond applied for Disability Insurance Benefits (DIB) under Title II

of the Social Security Act, 42 U.S.C. §§ 401-433 and Supplemental Security Income (SSI)

on September 5, 2017. The Commissioner of Social Security denied his application on

April 3, 2018 upon initial review (Tr. 120-27), and Raymond sought review by an

Administrative Law Judge (ALJ). Following a hearing on January 18, 2019 (Tr. 49-77),

the ALJ determined that Raymond was not disabled within the meaning of the Act. (Tr.

16-26). The decision of the Commissioner became final when the Appeals Council

declined Raymond's request for review. (Tr. 44-46) on January 9, 2020. (Tr. 1-3).

Raymond then filed this appeal, raising one claim of error. Specifically, she

argues that the ALJ's assessment of her residual functional capacity (RFC) was not

supported by substantial evidence because the ALJ did not offer legitimate reasons for

discounting the opinion of a consultative psychologist Michael Schwartz (Ph.D.). (Dkt. 13).

Plaintiff-claimant Raymond was born on May 31, 1979, and has stated that she became disabled beginning January 15, 2017 due to conditions which include epilepsy, conversion disorder, agoraphobia, anxiety, depression, PTSD, blown-out knees, insomnia, memory problems, and trouble concentrating. She has a limited education, and has previously worked as a sales person, pain sales representative, telemarketer, and retail manager.

The ALJ found that Raymond had the severe impairments of seizure disorder, osteoarthritis of the knee, major depressive disorder, anxiety disorder, bipolar disorder, agoraphobia, panic disorder, and conversion disorder. These impairments, individually and in combination, did not meet or exceed any listed impairment in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 19-20). The ALJ concluded that Raymond retained the RFC to do light work, as defined in 20 C.F.R. § 404.1567(b) and 416.967(b)—except she lift an carry 20 pounds occasionally and 10 pounds frequently. During an 8-hour workday, she can sit for 6 hours, walk for 6 hours. She cannot climb ladders, ropes, or scaffolds, work at unprotected heights, or work around moving mechanical parts. She can do simple, routine, and repetitive tasks, but cannot do so at a production rate pace. She can occasionally interact with co-workers and the public.

Such an RFC, the ALJ found, would prevent Raymond from doing her past work. However, based upon the testimony of a vocation expert, the ALJ determined that the were jobs in the national economy that Raymond could still perform, including cleaner

housekeeper, routing clerk, or folding machine operator. (Tr. 25-26). The detailed facts of the case, which are incorporated herein, are set forth independently in the ALJ's opinion, and the briefs of Raymond (Dkt. 13, at 2-5) and the Commissioner (Dkt. 14, at 3-4).

Under the Act, the court takes as conclusive the factual findings of the Commissioner so long as these are "supported by substantial evidence." 42 U.S.C. § 405(g). The court thus looks to whether those factual findings have such support, and whether the ALJ applied the correct legal standard. *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007). "Substantial evidence" means "more than a scintilla, but less than a preponderance; in short, it is such evidence as a reasonable mind might accept to support the conclusion." *Barkley v. Astrue*, 2010 WL 3001753, *1 (D. Kan. July 28, 2010) (citing *Castellano v. Sec'y of Health & Human Servs.*, 26 F.3d 1027, 1028 (10th Cir. 1994)). In making this determination, the court must "neither reweigh the evidence nor substitute [its] judgment for that of the [Commissioner]." *Bowman v. Astrue*, 511 F.3d 1270, 1272 (10th Cir. 2008) (quoting *Casias v. Sec'y of Health & Human Servs.*, 933 F.3d 799, 800 (10th Cir. 1991)).

A claimant is disabled if he or she suffers from "a physical or mental impairment" which stops the claimant "from engaging in substantial gainful activity and is expected to result in death or to last for a continuous period of at least twelve months." *Brennan v. Astrue*, 501 F.Supp.2d 1303, 1306-07 (D. Kan. 2007) (citing 42 U.S.C. § 423(d)). This impairment "must be severe enough that she is unable to perform her past relevant work, and further cannot engage in other substantial gainful work existing

in the national economy, considering her age, education, and work experience." *Barkley*,

2010 WL 3001753, *2 (citing *Barnhart v. Walton*, 535 U.S. 212, 217-22 (2002)).

Pursuant to the Act, the Social Security Administration has established a five-

step sequential evaluation process for determining whether an individual is disabled.

*Wilson v. Astrue*, 602 F.3d 1136, 1139 (10th Cir. 2010); *see also* 20 C.F.R. § 404.1520(a).  The

steps are designed to be followed in order.  If it is determined, at any step of the

evaluation process, that the claimant is or is not disabled, further evaluation under a

subsequent step is unnecessary. *Barkley*, 2010 WL 3001753, at *2.

The first three steps of the sequential evaluation require the Commissioner to

assess: (1) whether the claimant has engaged in substantial gainful activity since the

onset of the alleged disability; (2) whether the claimant has a severe, or combination of

severe, impairments; and (3) whether the severity of those impairments meets or equals

a designated list of impairments. *Lax*, 489 F.3d at 1084; *see also Barkley*, 2010 WL 3001753,

*2 (citing *Williams v. Bowen*, 844 F.2d 748, 751 (10th Cir. 1988)).  If the impairment does

not meet or equal one of these designated impairments, the ALJ must then determine

the claimant's residual functional capacity, which is the claimant's ability "to do

physical and mental work activities on a sustained basis despite limitations from her

impairments." *Barkley*, 2010 WL 3001753, *2; *see also* 20 C.F.R. §§ 404.1520(e), 404.1545.

Upon assessing the claimant's residual functional capacity, the Commissioner

moves on to steps four and five, which require the Commissioner to determine whether

the claimant can either perform his or her past relevant work or whether he or she can

generally perform other work that exists in the national economy, respectively. *Barkley*,

2010 WL 3001753, *2 (citing *Williams*, 844 F.2d at 751).  The claimant bears the burden in steps one through four to prove a disability that prevents performance of his or her past relevant work. *Lax*, 489 F.3d at 1084.  The burden then shifts to the Commissioner at step five to show that, despite his or her alleged impairments, the claimant can perform other work in the national economy. *Id*.

The court finds that the ALJ's assessment of the Raymond's RFC was not erroneous and is supported by substantial evidence. Specifically, the ALJ's consideration of Dr. Schwartz's views was consistent with the Agency's current procedures for addressing medical opinions. *See* 20 CFR § 404.1520c(a)-(c) (2017). Given the deferential standard of review applicable in the absence of any showing that the procedures are arbitrary or capricious, the court finds that the decision as to the plaintiff's RFC should be affirmed.

Here, the ALJ in fact concluded that Dr. Schwartz's opinions (Tr. 460) were generally persuasive. Dr. Schwartz opined that Raymond could follow three- to four-step instructions, and the ALJ duly found that Raymond could perform simple, routine, repetitive tasks. Dr. Schwartz opined that Raymond could maintain appropriate social interactions with coworkers, supervisors, and the general public, and the ALJ found she could have occasional interaction with coworkers and the general public. And Dr. Schwartz opined that Raymond generally adequate concentration, persistence, or pace when she was not having a panic attack or seizure. The ALJ wrote:

> Dr. Schwartz's opinion is persuasive. It is supported by his examination of
> the claimant. It is also supported by the claimant's presentation during
> exams and her retained ability to perform household tasks and social

Case 6:20-cv-01073-JTM   Document 16   Filed 03/30/21   Page 6 of 6

activities. The indication that the claimant's panic and pseudo-seizures would cause further limitations has been taken into account, but based upon the claimant's improvement with treatment, greater limitations have not been applied to the residual functional capacity.

(Tr. 24, record citations omitted).

Thus, the ALJ essentially adopted Dr. Schwartz's opinions. The plaintiff's current argument that Dr. Schwartz's general opinion about her capacity *during* a seizure compelled a more restrictive RFC is unsuccessful, because Dr. Schwartz gave no opinion as to the *frequency* of Raymond's seizures. (Tr. 460). The ALJ otherwise determined (Tr. 22) that Raymond's "seizures occur two to three times a year"— a determination which is not independently challenged in the plaintiff's brief. (Dkt. 13). The conclusion that that Raymond suffers only infrequently from such events is supported by substantial evidence (Tr. 357, 417, 435, 719, 75, 748), and the court finds no error.

IT IS THEREFORE ORDERED this day of March, 2020, that the judgment of the Commissioner is affirmed.


J. Thomas Marten
J. Thomas Marten, Judge